THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE VERKLER,<br><br>                   Petitioner,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | CASE NO. C17-1876-JCC<br><br>ORDER FOR SERVICE AND<br>ANSWER TO § 2255 PETITION |

This matter comes before the Court on Petitioner George Verkler's motion under 28 U.S.C. section 2255 to vacate, set aside, or correct his sentence (Dkt. No. 1). The Court, having reviewed Petitioner's motion, hereby DISMISSES Petitioner's grounds one, four, five, six, seven, nine, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, and nineteen and ORDERS service and an answer on remaining grounds.

**I.    Background**

On August 4, 2015, this Court sentenced Petitioner George Verkler ("Petitioner") to 48 months in custody after he pled guilty to two counts of theft of public funds and two counts of aggravated identity theft. (Dkt. No. 1 at 1.) Petitioner appealed his conviction, and the Ninth Circuit denied his appeals pursuant to the waiver of his right to appeal in his plea agreement. *United States v. Verkler*, CR15-0041-JCC, Dkt. Nos. 17 at 15, 76 at 2. Petitioner subsequently filed the present motion under section 2255, raising nineteen grounds for relief.

**II.    Grounds Dismissed**

Section 2255 relief is warranted where a petitioner shows that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A hearing on a section 2255 motion is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). The Court finds that the motion, files, and records of the case conclusively show that Petitioner is entitled to no relief on grounds one, four, five, six, seven, nine, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, and nineteen.

**A. Grounds Waived by Plea Agreement**

In his plea agreement, Petitioner waived "any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation." CR15-0044-JCC, Dkt. No. 17 at 15. The Ninth Circuit has upheld the enforceability of a knowing and voluntary waiver of the right to bring a collateral attack for pre-plea constitutional violations. *U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1995). However, such a waiver does not preclude a section 2255 claim for ineffective assistance of counsel or involuntariness of wavier. *Id.* In addition, a waiver will not bar claims that challenge the state's power to bring petitioner into court or claims that are independent from the question of guilt. *See, e.g.*, *Menna v. New York,* 423 U.S. 61, 62 (1975) (per curiam) (raising double jeopardy claim on direct appeal); *Journigan v. Duffy,* 552 F.2d 283, 288 (9th Cir. 1977) (challenging an unconstitutional statute).

The Court thus finds that relief based on the following grounds is barred by the terms of Petitioner's plea agreement: five (right to present a defense), six (violation of due process), seven

(actual innocence), twelve (speedy trial act violation)[1], thirteen (prosecutorial misconduct), fifteen (failure to give credit for time served)[2], sixteen/seventeen (improper dismissal of appeals).[3] These grounds at DISMISSED.

**A. Grounds Otherwise Dismissed**

Section 2255 claims not waived by plea agreement may be dismissed without a hearing where "allegations, viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). On this basis, the Court dismisses the following grounds:

1. Ground One: The Court Lacked Jurisdiction

Petitioner asserts the federal courts lacked jurisdiction to hear his case. (Dkt. No. 1 at 4.) This ground for relief appears to rest on Petitioner's misapprehension of federal jurisdiction and the function of the U.S. Attorney's office.[4] These allegations are patently frivolous and warrant summary dismissal. *See Marrow*, 772 F.2d at 526. Furthermore, failure of counsel to raise the issue of jurisdiction does not constitute ineffective assistance of counsel. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (failure to raise a meritless legal argument does not constitute ineffective assistance of counsel); (Dkt. No. 1 at 6). This ground is DISMISSED.

//

---

[1] The Court notes that Petitioner stipulated to dismissal of the original complaint without prejudice after the Speedy Trial clock had run. *U.S. v. Verkler*, MJ14-0406-BAT, Dkt. Nos. 22, 23.

[2] To the extent that this ground attacks the *execution* of Petitioner's sentence rather than the imposition of the sentence itself, this claim is not cognizable under 28 U.S.C. section 2255. It may be cognizable under 28 U.S.C. section 2241, but such a petition must be brought in the court that has jurisdiction over Petitioner or his custodian. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). This Court similarly lacks jurisdiction over Petitioner's other allegations against the Bureau of Prisons.

[3] Petitioner argues these grounds together. Their dismissal does not preclude Petitioner's challenges to the validity of his plea agreement on other grounds not dismissed herein. *See infra* Section III.

[4] Petitioner asserts that "the alleged crimes took place in the state of Washington," rather than a federal jurisdiction, "state unemployment benefits do not come within the zone of interest of 18 U.S.C. § 641," and U.S. Attorneys with the title of "esquire" are English nobles and cannot prosecute him on behalf of the United States. (Dkt. No. 1 at 4, 6.)

### 2. Ground Four: Denial of Attorney on Appeal

Petitioner complains that he was not provided an attorney to pursue his appeal or his section 2255 petition. (Dkt. No. 1 at 9.) The records in this case conclusively show that Petitioner is not entitled to relief on this basis. First, Petitioner waived his right to appeal pursuant to his plea agreement. CR15-0041-JCC, Dkt. No. 17 at 15. Second, he does not have a legal right to counsel on his section 2255 petition. *See U.S. v. McGee*, 177 F.App'x. 550, 551 (9th Cir. 1996). This ground is DISMISSED.

### 3. Ground Nine: Illegal Imprisonment

Petitioner argues he was illegally imprisoned because he was not arrested pursuant to a valid warrant and "no court ordered [him] to be held in custody." (Dkt. No. 1 at 15.) The record clearly contradicts these assertions. *See* Case No. CR14-0041-JCC, Dkt. Nos. 2, 4, 8, 10. Furthermore, Petitioner waived a preliminary hearing, indictment, and his right to trial, further undermining his claims. *See id.* at Dkt. Nos. 12, 14, 17; (Dkt. No. 1 at 16). These claims are patently frivolous. *See Marrow*, 772 F.2d at 526. This ground is DISMISSED.

### 4. Ground Fourteen: The Court's Refusal to Rule on Motions

Petitioner objects to "the [Court's refusal] to rule on" motions. (Dkt. No. 1 at 32–33.) He refers to a number of motions by date and name only, which do not appear in any case involving Petitioner. *See* Case Nos. MJ14-0406-BAT, CR15-0041-JCC, MJ15-0044-JPD. The Court denied or declined to rule on other motions over which it had no jurisdiction or which were not properly before the Court, and ruled on motions properly before it. CR15-0041-JCC, Dkt. Nos. 44, 49. Petitioner's argument is based on his objection to the veracity of the contents of the docket and records therein and is palpably incredible. *See Marrow*, 772 F.2d at 526. This ground is DISMISSED.

### 5. Ground Eighteen: Nullity of Trial Court Orders/Double Jeopardy

Under the heading of "double jeopardy," Petitioner argues that a number of this Court's post-judgment orders are "null and void" because the Court relied on inapplicable "civil" statutes

ORDER FOR SERVICE AND ANSWER TO § 2255
PETITION
C17-1876-JCC
PAGE - 4

and case law and "make believe" rules. (Dkt. No. 1 at 36.) These claims are patently frivolous and are based on a misunderstanding of the law cited. *See Marrow*, 772 F.2d at 526. They are not grounds for collateral attack. *See U.S. v. Addonizio*, 442 U.S. 178 at 185 (1979) (error of law is not a "basis for collateral attack unless it constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'").

Petitioner also asserts that the Government voluntarily dismissed charges against him four times[5], making his ultimate prosecution illegal. (Dkt. No. 1 at 36.) Federal law allows dismissed charges to be refiled so long as the new charges comply with the Speedy Trial Act. *See U.S. v. Barraza–Lopez,* 659 F.3d 1216, 1219 (9th Cir. 2011). Charges underlying Petitioner's conviction complied with Speedy Trial requirements. Case No. CR14-0041-JCC, Dkt. Nos. 4, 8, 10, 17 (the complaint was filed on February 4, 2018 and Petitioner pled guilty on February 20).

Finally, Petitioner argues that federal guidelines stepping up his recommended sentence based on prior convictions violates the double jeopardy clause. (Dkt. No. 1 at 37). The Supreme Court has long held that such consideration of prior convictions at sentencing is constitutional. *See Nichols v. U.S.*, 511 U.S. 738, 747 (1994).

This ground is DISMISSED.

### 6. Ground Nineteen: Cumulative Error

Petitioner asserts that cumulative error in his case, reflected in the nineteen grounds for relief presented herein, is the result of his extortion by former FBI Director Robert Mueller. (Dkt. No. 1 at 37.) This allegation, when viewed against the record, fails to state a claim for relief and is palpably incredible. *See Marrow*, 772 F.2d at 526. This ground is DISMISSED.

## III. **Remaining Grounds**

In accordance with the Supreme Court's admonition to liberally construe pro se pleadings, the Court finds that the motions, files, and records of the case do not conclusively

---

[5] The Court understands Petitioner as referring to several amended motions to dismiss an initial complaint against him. CR14-0044-JCC, Dkt. Nos. 16, 19, 22.

show that Petitioner is entitled to no relief on remaining claims.[6] *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); 28 U.S.C. section 2255(a). Applicable only to remaining grounds **two**, **three**, **eight**, **ten**, and **eleven**, the Court thus ORDERS as follows:

(1) If not previously accomplished, electronic posting of this order and petition shall effect service upon the United States Attorney of copies of the 2255 motion and of all documents in support thereof.

(2) Within forty-five days after such service, the United States shall file and serve an Answer in accordance with Rule 5 of the Rules Governing Section 2255 Cases in United States District Courts. As part of such Answer, the United States should state its position as to whether an evidentiary hearing is necessary, whether there is any issue as to abuse or delay under Rule 9, and whether petitioner's motion is barred by the statute of limitations.

(3) On the face of the Answer, the United States shall note the Answer for consideration on the fourth Friday after it is filed, and the Clerk shall note the Answer accordingly. Petitioner may file and serve a Reply to the Answer no later than that noting date.

(4) Filing and Service by Parties Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as pro se parties and/or prisoners, may continue to file a paper original of any document for the Court's consideration. <u>A party filing a paper original does not need to file a chambers copy</u>. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Judge to whom the document is directed.

---

[6] While components of the remaining claims are not plausible, on the whole Petitioner states cognizable claims.

1   For any party filing electronically, when the total of all pages of a filing exceeds fifty (50)
2   pages in length, a paper copy of the document (with tabs or other organizing aids as necessary)
3   shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked
4   with the words "Courtesy Copy of Electronic Filing for Chambers."

    Additionally, any document filed with the Court must be accompanied by proof that it has
been served upon all parties that have entered a notice of appearance in the underlying matter.

    DATED this 29th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE